Davies, J., (dissenting.)
The question presented for decision is, whether the agreement offered in evidence was founded on a sufficient consideration. I am finable to see why not. It was undeniably a benefit to the holder, of the note to invest his money for a further term of six months at lawful interest, and it is not clear that it was a disadvantage to the defendants to pay that rate of interest for that term. Money lenders regard it as advantageous to themselves to loan their money securely, *193 and the benefit to them seems to me to be a sufficient consideration for a promise to permit the lender to have it a given length of time, he paying the lawful interest thereon. Such contracts and agreements are frequently 'made, and the benefit or injury to the lender or borrower depends mainly upon the state of the money market. When the current rate of interest is less than the lawful rate, the benefit is to the lender and the injury to the borrower.
The two cases cited from the Hew Hampshire Reports are in point, and sustain the position of the defendants. In Wheat v. Kendall (6 N. H., 504), Parker, J., says: “We are not pre pared to accede to the argument that a contract to delay for legal interest would not be on a sufficient consideration because the original contract gave that, if nothing further had been agreed to be paid. The security which the creditor would acquire by such agreement, that the payment should be delayed, and that he should receive interest for the whole of the extended time, might well form a sufficient consideration.” In Bailey v. Adams (10 N. H., 162), the court are more emphatic and pointed. The court say the agreement to pay simple interest may be a sufficient consideration for such a contract to delay, if there is in the contract for delay a stipulation by which it is secured to the creditor for any specified time. As for instance, if the creditor, the note being due, should agree with the principal to delay the payment six months on the consideration that the principal promised to pay the interest for that period of time, this would be a contract upon a sufficient consideration. The promise to pay the interest under such circumstances would bind the principal to the payment of it for the period agreed on, and thus secure the creditor a right beyond what he had before, even if the note contained a promise to pay interest; because the debt being due, the principal or surety, before the new agreement, might pay it at any time, and the original contract did not therefore secure the creditor interest for a single day to come.” The reasoning of the court in these cases is satisfactory and conclusive to my mind. I. have examined the cases referred to in the opinion *194 of the Supreme Court, and I do not find anything there which would lead to a different result.
I incline to reverse the judgment of the Supreme Court and order a new trial.
Denio, Ch. J., also dissented.
Judgment affirmed.